Yongmoon Kim
Evan Lehrer
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RANDY HOPKINS, *individually and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTO, INC. d/b/a EOS CCA;<br>US ASSET MANAGEMENT, INC.; and<br>JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Randy Hopkins, by way of Class Action Complaint against Defendants, Collecto, Inc. d/b/a EOS CCA; US Asset Management, Inc.; and John Does 1 to 10 states:

### I.   NATURE OF THE ACTION

1. Plaintiff brings this action for damages against Defendants arising from Defendants' violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue in this action properly lies in the District of New Jersey as Defendants regularly do business in this district.

### III.   PARTIES

4. Plaintiff, Randy Hopkins, is a natural person residing in Passaic County, New Jersey.

5. Defendant, Collecto, Inc. d/b/a EOS CCA ("EOS") is a debt collector with its principal place of business located at 700 Longwater Drive, Norwell, Massachusetts 02061.

6. Defendant US Asset Management, Inc. ("USAM") is a debt collector with its principal place of business located at 700 Longwater Drive, Norwell, Massachusetts 02061.

7. Defendants John Does 1 to 10 are fictitious names of natural persons and/or business entities all of whom reside or are located within the United States whose true names are presently unknown to Plaintiff. Plaintiff will amend this Complaint with those Defendants' true names when they become known.

### IV.   FACTS

8. Defendants are not in the business of extending credit, selling goods or services to consumers.

9. Defendants regularly collects or attempts to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

10. Defendants are in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

11. Defendants use the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or

alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

12. Defendants are engaged in the collection business.

13. EOS' principal business is third-party debt collection, and it also has a wholly owned subsidiary, USAM, which purchases defaulted consumer debt, including telecommunications debt. EOS serves as the exclusive collection agency for debt acquired by and through USAM.

14. At all times relevant hereto, EOS acted on behalf of USAM in an attempt to collect the debts and with respect to the collection activity complained of herein.

15. At all times relevant hereto, the acts and omissions of EOS were incidental to or taken within the scope of the responsibilities given and authorized by USAM.

16. At all times relevant hereto, John Does 1 to 10 personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, implemented, and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for the wrongdoing alleged in this Complaint.

17. Defendants asserted that Plaintiff incurred or owed certain financial obligations arising from account(s) which debt(s) arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes ("Debt" or "Account").

18. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

19. Defendants contend that the Account was past-due and in default.

20. Sometime after default, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendants for collection.

21. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

22. In an attempt to collect the Debt from Plaintiff, Defendants mailed a collection letter to Plaintiff on October 3, 2018 (the "10/3/2018 Letter"); a true copy of the collection letter, but with redactions, is attached as *Exhibit A*.

23. Defendants' 10/3/2018 Letter states in part:

| PRINCIPAL | INTEREST | FEES COLL. COSTS | BALANCE |
|---|---|---|---|
| $1,088.34 | $0.00 | $0.00 | $1,088.34 |
| | | TOTAL DUE: | $1,088.34 |

24. It is Plaintiff's understanding and belief that, under the terms and conditions applicable to their use of the Account, interest, late charges, and other charges and fees related to collection costs could accrue.

25. In fact, the 10/3/2018 Letter also stated that the "statement date" was "10/3/18" which suggests that the balance is only the balance as of the "statement date."

26. Plaintiff believed, as would the least sophisticated consumer, that interest and other charges would begin to accrue or could begin to incur because of their inclusion in the Letter.

27. On information and belief, Defendants did not have the authority to charge "INTEREST" on the Account. Even if Defendants did have the authority, Defendants did not intend to charge interest on the Account.

28. On information and belief, Defendants did not have the authority to charge "FEES COLL[ECTION] COSTS" on the Account. Even if Defendants did have the authority, Defendants did not intend to charge fees related to collection costs on the Account.

29. By including "INTEREST" and "FEES COLL. COSTS" line-items Defendants failed to accurately state the amount of the Debt, and falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the amount owed to the creditor would or could increase over time.

30. Defendants threatened to take an action it did not intend to take when it implied it would add interest, fees and other charges to Plaintiff's alleged debt.

31. Defendants' collection letters would reasonably lead a consumer to conclude that the amount due is not static but, instead, could increase, materially affects the decision of the least sophisticated consumer whether to prioritize and pay this Debt because, with limited resources and the inability to pay all debts, such a consumer would rationally pay a debt with a balance that was increasing due to interest and other costs before paying an otherwise identical debt with a static balance.

## V.   CLASS ACTION ALLEGATIONS

32. On information and belief, the collection letter attached as Exhibit A are mass-produced, computer-generated form letters—that is, it was created by merging electronically-stored information about the debts with an electronically-stored template—that is mailed to consumers in the State of New Jersey, such as Plaintiff, from whom Defendant were attempting to collect a debt.

33. It is Defendant's policy and practice to mail written collection communications, in the form exemplified in Exhibit A, in an attempt to collect consumer debts.

34. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35. Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of Class initially defined as follows:

> **All natural persons to whom a letter from EOS CCA was mailed to a New Jersey address on or after October 2, 2018, in an attempt to collect a debt, which included columns for "INTEREST" and "FEES COLL. COSTS."**

36. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all Class members under the Fair Debt Collection Practices Act.

37. The Class Claims are those claims arising under the Fair Debt Collection Practices Act arising from a letter mailed in an attempt to collect an alleged debt which included columns for "INTEREST" and "FEES COLL. COSTS."

38. The Class is so numerous that joinder of all members is impracticable and, on information and belief, exceeds forty members.

39. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

41. Plaintiff's claims are typical of the claims of the members of the Class.

42. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

43. Plaintiff does not have interests antagonistic to those of the class.

44. The Class, of which Plaintiff is a member, is readily identifiable.

45. Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

46. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

47. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. FIRST COUNT: VIOLATIONS OF THE FDCPA

48. The allegations contained in the preceding paragraphs are incorporated herein and are reasserted as if repeated at length.

49. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

50. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

51. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

52. The collection letter attached as Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2).

53. Defendant's mailing of the collection letter to Plaintiff in attempts to collect the Debt violated the Fair Debt Collection Practices Act (including, but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(9), and 1692e(10)), and 1692f (including subsection 1692f(1)).

54. Based on any one or more of those violations, Defendant is liable to Plaintiff and to the Class for an amount of money as allowed under 15 U.S.C. § 1692k including, but not limited to, damages, costs, and reasonable attorneys' fees.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Randy Hopkins demands judgment against Defendant, Collecto, Inc. d/b/a EOS CCA and US Asset Management, Inc., jointly and severally as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as a representative of the Class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff or the Class a negative tax consequence;

C. For statutory damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

D. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

<u>*s/Yongmoon Kim*</u>
Yongmoon Kim
*Attorneys for Plaintiff*

Dated: October 2, 2019