## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RANDY HOPKINS,** individually and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **COLLECTO, INC. d/b/a/ EOS CCA; US ASSET MANAGEMENT, INC.; and John Does 1 to 10,** <br><br> Defendants. | Civ. No. 2:19-cv-18661 (WJM) <br><br> **OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

This matter, an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq., comes before the Court on Defendants' Motion to Dismiss for failure to state a claim. ECF No. 9. The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

## I.     BACKGROUND AND PROCEDURAL HISTORY

On October 3, 2018, Defendant EOS CCA sent Plaintiff Randy Hopkins a collection letter in an attempt to collect individual debts owed to US Asset Management Inc. ("US Asset"). Compl. ¶ 22, ECF No. 1. The letter, in pertinent part, advised that Plaintiff owed a total amount of $1,088.34 and provided a settlement offer of $761,84. Compl. Ex. A. The letter included the following table, stating that Plaintiff owed $0.00 in interest and $0.00 for fees or collection costs:

| PRINCIPAL | INTEREST | FEES COLL. COSTS | BALANCE |
|---|---|---|---|
| $1,088.34 | $0.00 | $0.00 | $1,088.34 |
| | | TOTAL DUE: | $1,088.34 |

Compl. ¶ 23. As a result of the representation that interest and fees were $0, Plaintiff claims that he was under the belief that "interest, late charges, and other charges and fees related to collection costs could accrue." *Id.* at ¶ 24. Plaintiff argues that the letter was misleading within the meaning of 15 U.S.C. § 1692e because the least sophisticated consumer could have interpreted the letter to mean that the debt was accruing interest and fees when in fact the debt was static. *Id.* at ¶¶ 23-29. Plaintiff contends that Defendants' inclusion of interest, fees, and collection costs result in New Jersey consumers incorrectly prioritizing the repayment of this debt over other obligations. *Id.* at ¶ 31. Plaintiff filed his class action complaint on October 2, 2019. In lieu of an answer, Defendant filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). "A Rule 12(b)(6) dismissal is appropriate if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

## III.    DISCUSSION

The central issue before the Court is whether Defendants' inclusion of language in its debt collection letter stating that Plaintiff owed $0.00 in interest and $0.00 for fees or collection costs for a static debt violated the FDCPA. Although the Third Circuit has not addressed Plaintiff's this specific question, the Court is benefited by analyses from many other federal circuit and district courts.

The FDCPA prohibits the use of false or misleading representations or means in the course of debt collection. This includes "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e. The Third Circuit has determined that collection communications should be analyzed from the objective perspective of the "least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 454 (3d Cir. 2006). A letter must be materially misleading to violate the FDCPA. "[T]he materiality requirement, correctly applied, effectuates the purpose of the FDCPA by precluding only claims based on hypertechnical misstatements under § 1692e that would not affect the actions of even the least sophisticated debtor." *Thomas v. Younderian*, 232 F. Supp. 3d 656 (D.N.J. 2017) (internal citation omitted).

Building on the proposition established in an earlier case that "a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e," *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212, 213 (2d Cir. 2018), the Second Circuit subsequently determined that inclusion of lines in a collection letter that reflect that $0 in interest or fees and charges had accrued is not misleading. *Dow v. Frontline Asset Strategies, LLC*, 783 Fed. App'x 75 (2d Cir. 2019). The Court finds the Second Circuit's reasoning persuasive.

The Court agrees with the Defendants that the collection letter does not leave the least sophisticated consumer in doubt of the nature and legal status of the underlying debt. It does not impede the consumer's ability to respond to or dispute collection. The language of the letter is clear: it displays the amount due and includes an itemization of the body of the letter. "To require that every statement in a debt collection letter be followed by an assurance that the fact stated will not change in the future would result in complex and verbose debt collection letters that are confusing to the least sophisticated consumer—precisely the type of letter the FDCPA is meant to protect consumers against." *Dick v. Enhanced Recovery Company, LLC,* No. 15CV2631RRMSMG, 2016 WL 5678556, at *8 (E.D.N.Y. Sept. 28, 2016). While Plaintiff argues that inclusion of the $0 interest and fees figure in the collection letter could lead others to mistakenly prioritize payment under the mistaken belief that such a debt was dynamic, the Court adopts the Second Circuit's reasoning in *Taylor*:

> It is hard to see how or where the FDCPA imposes a duty on debt collectors to encourage consumers to delay repayment of their debts. And requiring debt collectors to draw attention to the fact that a previously dynamic debt is now static might even create a perverse incentive for them to continue accruing interest or fees on debts when they might not otherwise do so.

886 F.3d at 214-15. Consequently, Plaintiff has failed to state a claim under § 1692e.

## IV.  CONCLUSION

Because Plaintiff's claim fails as a matter of law, he fails to state a claim upon which relief can be granted under Rule 12(b)(6). Defendants' Motion to Dismiss is **GRANTED**. Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

WILLIAM J. MARTINI, U.S.D.J.

3